**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

NATALIA NALIMOVA *o/b/o* A.S.,

Petitioner,

v.

Warden, IRWIN COUNTY DETENTION CENTER, *et al.*,

Respondents.

Case No. 7:26-cv-222-WLS-AGH
28 U.S.C. § 2241

**ORDER**

On August 4, 2026, Natalia Nalimova filed an application for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1) on behalf of A.S. in the United States District Court for the Middle District of Georgia, as well as a motion for leave to proceed as next friend for A.S., and a motion seeking a temporary restraining order and preliminary injunction (ECF Nos. 2, 3). The petition is signed only by Nalimova, who claims next friend standing due to Petitioner "remain[ing] unable to prepare, sign, and file legal documents on his own behalf." Pet. 5, ECF No. 1; Mot. Next Friend 1, ECF No. 2. She identifies herself as A.S.'s wife. Nalimova Decl. 1, ECF No. 2-1.

There are two issues the Court must resolve prior to this action moving forward. For one, the Court requires more information regarding Nalimova's next friend status. Someone acting as "next friend" may file a habeas petition on behalf of a person unable to seek relief himself. *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir.

1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). One prerequisite to such standing, however, is that the next friend "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*, 246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). While Nalimova alleges certain unexplained but apparently adverse conditions of confinement suffered by A.S., she does not adequately explain why they would prevent A.S. from litigating this matter on his own behalf. It is not uncommon for petitioners to suffer from isolating conditions of confinement including restricted communications, but such conditions do not render petitioners unable to represent themselves. In addition, Nalimova does not allege mental incapacity or language barriers that would prevent A.S. from pursuing this matter on his own behalf.

Therefore, for this matter to proceed, Nalimova must either provide additional information for why she should be allowed to proceed as next friend for A.S. or the Court must receive an application for habeas relief signed by A.S. personally. The Clerk is directed to provide the appropriate form for this purpose. Nalimova or A.S. shall have twenty-one (21) days to comply with this order. Failure to comply may result in dismissal of this action.

**SO ORDERED**, this 4th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE